**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sanjeev Unknown,<br>Petitioner,<br>v.<br>Markwayne Mullin, et al.,<br>Respondents. | No. CV-26-10540-PHX-ASB<br><br>**ORDER** |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) The matter is fully briefed. (Docs. 1, 7, 8.) The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 2; 4-2.)

Petitioner alleges that he entered the United States in 2022, was briefly detained, and then released. (Doc. 1 at 2, 6.) He states that an immigration judge denied his application for asylum and a timely appeal was filed on October 9, 2025. (*Id.* at 6.) He alleges that the appeal is still pending before the Board of Immigration Appeals (*Id.* at 6.)

On November 13, 2026, Petitioner was re-detained by Immigration and Customs Enforcement, and he has been held ever since without a bond hearing. (Doc. 1 at 2.) Petitioner alleges that Respondents provided no written notice explaining the basis for revoking his release, and they made no effort to assess whether he presented a flight risk or danger to the community prior to the re-detention. (Doc. 1 at 2.)

Thus, Petitioner contends that re-detention violates his Fifth Amendment rights. (Doc. 2 at 2, 16-18.) He seeks immediate release and an injunction against re-detention

without a pre-deprivation hearing where the Government bears the burden of proof. (*Id.* at 19.) Alternatively, he seeks a bond hearing before an immigration judge within seven days. (*Id.*)

On November 17, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4. at 2.) In the Response filed November 24, 2026, Respondents state only that: "Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a) and *Rodriguez Vazquez v. Bostock*, No. 25 6842, 2026 WL 2196424 (9th Cir. July 30, 2026). Accordingly, Respondents do not oppose Petitioner's request for a bond hearing." (Doc. 7.)

Petitioner replies that Respondents have conceded that his ongoing detention violates his Due Process rights, and he should be released. (Doc. 8 at 3-4.) He argues that Respondents' failure to respond to the merits of the petition violates the Court's General Order directing them to show cause why the relief he requested should not be granted. (*Id.*)

The Court finds that Petitioner is correct and Respondents have waived the right to challenge his release by failing to respond to the claims on their merits. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). Respondents' belated acknowledgement that a bond hearing is appropriate ignores Petitioner's argument that a post-deprivation bond hearing is inadequate. *Valdez-Barraza v. Archambeault*, No. 3:26-CV-03956-RBM-MSB, 2026 WL 2161205, at *2 (S.D. Cal. July 27, 2026) (citing *E.A. T.-B v. Wamsley,* 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.")). Respondents are also silent on the

issue of injunctive relief and conceded this issue as well. *Adeli v. Rokosky,* No. CV-26-01949-PHX-DJH (ASB), 2026 WL 3117811, at *4 (D. Ariz. Sept. 24, 2026).

The Court will therefore grant the Petition and order Petitioner's release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody."). The Court also will direct that Petitioner's release be ordered <u>under the same conditions that existed before his detention</u>. Petitioner has asked for his release and "any other and further relief as this Court deems just and proper." (Doc. 1 at 20.) The Court finds release under the same conditions as before is just and proper.

**IT IS ORDERED:**

(1) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to his request for release from custody with injunctive relief. The remainder of the Petition is denied as moot.

(2) Respondents must immediately release Petitioner from custody under the same conditions that existed before his detention.

(3) Respondents must provide a notice of compliance within **two days** of this Order.

(4) Absent a significant change in Petitioner's circumstances, Respondents and their agents are enjoined from re-detaining Petitioner without **seven (7) days** prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

(5) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 25th day of November, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge